UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **ALBERT LEE NEWTON, JR.** | * | **DOCKET NO. 05-1867** |
| **VERSUS** | * | |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the above-captioned matter was referred to the undersigned magistrate judge for the administration of proceedings and entry of judgment. For the reasons assigned below, the decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings.

### Background & Procedural History

On February 11, 2004, Albert L. Newton, Jr. filed the instant claim for Disability Insurance Benefits under the Social Security Act. (Tr. 85-87). He alleged disability since November 15, 2003, due to a learning disability. (Tr. 85, 91-92). The claim was denied at the initial stage of the administrative process. (Tr. 69, 71-74). Thereafter, Newton requested, and received an April 18, 2005, hearing before an Administrative Law Judge ("ALJ"). (Tr. 29-68). However, in a July 7, 2005, written decision, the ALJ determined that Newton was not disabled under the Act, finding at Step Five of the sequential evaluation process that he was able to make an adjustment to other work that exists in substantial numbers in the national economy. (Tr. 11-22). Newton appealed the adverse decision to the Appeals Council. However, on October 14, 2005, the Appeals Council denied Newton's request for review, and thus the ALJ's decision

became the final decision of the Commissioner. (Tr. 4-6).

On October 21, 2005, Newton sought review before this court. He alleges the following error(s):

(1) the ALJ erred in finding that plaintiff's impairments did not meet Listing 12.05C.

### Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

### Determination of Disability

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the

program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make

an adjustment to other work in the economy.
*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ found at Step Two of the sequential evaluation process that Newton suffered from severe impairments of hypertension and decreased intellectual functioning (probable mild mental retardation). (Tr. 16, 21). However, the ALJ concluded that these impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. *Id*.

Plaintiff contends that his impairments meet Listing 12.05C, which provides in pertinent part,

> Mental Retardation and Autism: Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period (before age 22). . . .
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>      *    *    *
> C. A valid verbal, performance, or full scale IQ of 60 to 69 inclusive and a physical or other mental impairment imposing additional and significant work-related limitation of function;

20 C.F.R. Subpart P, App. 1, Section 12.05C.

Under the regulations, mental retardation is characterized by significantly sub-average general intellectual functioning with deficits in adaptive behavior initially manifested before age 22. *See*, 20 C.F.R. Subpart P, App. 1, Section 12.05.[1] To meet § 12.05C, the claimant's IQ scores must be between 60 and 69, and there must be a physical or other mental impairment that imposes additional and significant work-related limitation of function. 20 C.F.R. Subpart P, App. 1, Section 12.05C.

In the case *sub judice*, the ALJ acknowledged that Newton's hypertension constituted an additional severe impairment as contemplated by § 12.05C. (Tr. 18).[2] Moreover, there is no question that Newton exhibited significantly subaverage general intellectual functioning as demonstrated by valid IQ scores ranging between 60 and 69. (Tr. 127-128). Thus, the only remaining issue is whether Newton suffered "deficits in adaptive behavior initially manifested during the developmental period (before age 22)." 20 C.F.R. Subpart P, App. 1, Section 12.05.

Rather than addressing this issue, the ALJ found that Newton did not meet § 12.05C because he did not meet the A and B criteria.[3] However, Listing 12.05 does not mandate the usual clinical findings (paragraph A) and functional restrictions (paragraph B) set forth in other mental disorder listings. *See*, 20 C.F.R. Subpart P, App. 1, Section 12.00A. Instead, paragraphs

---

[1] *See also*, *In re Hearn*, 376 F.3d 447, 455, n6 (5th Cir. 2004)(reciting definition of mental retardation by American Association on Mental Retardation).

[2] Under the regulations, a "severe" impairment significantly limits a claimant's ability to perform basic work activities. *See*, 20 C.F.R. § 404.1520(c).

[3] Citing page 17 of the record, the Commissioner argues that the ALJ found that plaintiff did not suffer deficits in adaptive functioning. (Gov.'t Brief, pg. 3). However, page 17 contains only a discussion of activities of daily living and social functioning as generally contained in Parts A and B of mental disorder listings. (Tr. 17).

A, B, C, and D of § 12.05 are independent of one another.  Accordingly, the ALJ's Step Three determination is not supported by substantial evidence and constitutes legal error.

Thus, the question becomes whether this case should be remanded for reconsideration by the Commissioner upon a record to be amplified, or remanded for calculation of benefits.  "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. §405(g).  When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits.  *See, Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also*, *Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence in the agency's favor was not substantial and the record clearly showed the claimant's right to benefits).

The unresolved question in this case is whether Newton suffered "deficits in adaptive behavior initially manifested during the developmental period (before age 22)." 20 C.F.R. Subpart P, App. 1, Section 12.05.  Deficits in adaptive functioning are generally measured for the following skill areas:  "communication, self-care, home living, social/interpersonal skill, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition Text Revision ("DSM-IV-TR"), p. 41; *Morris v. Dretke*, 413 F.3d 484, 487 (5th Cir. 2005).  Moreover, the regulations use the plural form of "deficit" (*i.e.* more than one), which comports with the definition in the DSM-IV-TR.

In the present record, there is evidence that Newton suffered a deficit in the area of

"functional academic skills" before the age of 22. (Tr. 127). However, there is at best, conflicting evidence as to whether he suffered an additional deficit of adaptive functioning during the relevant period.[4] Accordingly, the court is unable to conclusively determine that Newton is entitled to benefits. Whether Newton suffered more than one deficit in adaptive functioning before the age of 22 is an issue best addressed by the Commissioner in the first instance.[5]

For the foregoing reasons,

The **Commissioner's decision is REVERSED and REMANDED for further proceedings in accordance with this opinion.**

THUS DONE AND SIGNED, in Monroe, Louisiana, on the 27th day of February, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[4] For example, Newton testified that he had always experienced communication difficulties. (Tr. 54). Yet, he indicated that he talked and socialized with family and friends. (Tr. 48, 104).

[5] The court notes that plaintiff was not diagnosed with mental retardation. (Tr. 127-128). However, the ALJ determined that Newton had "probable mild mental retardation." If plaintiff is found to suffer from mental retardation upon remand, then by definition this would include a finding that he experienced deficits of adaptive functioning during the developmental period. DSM-IV-TR, pg. 41.